IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| MARIANNE SAWICKI, | : | |
|---|---|---|
| | : | Civil Action No. 4:10-MC-00032 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (Judge McClure) |
| THE PENNSYLVANIA STATE UNIVERSITY AND THE CENTRE COUNTY OFFICE OF MENTAL HEALTH/MENTAL RETARDATION-DRUG AND ALCOHOL, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

January 28, 2010

**BACKGROUND:**

On January 25, 2010, Marianne Sawicki filed a document entitled "Motion for Order to Produce Documents." (Rec. Doc. No. 1). As part of this motion, Sawicki requests that this Court order that the Pennsylvania State University and the Office of Mental Health/Mental Retardation-Drug and Alcohol in Centre County, Pennsylvania, release particular documents to her that concern her alleged detention by Pennsylvania State University police on or about January 14, 2010. Id. at 1-2. In her motion, Sawicki claims that these documents are necessary for

her to prepare a suit under the contract laws of the Commonwealth of Pennsylvania, the Fourth Amendment to the United States Constitution, or the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et. seq. Id. at 2.

**DISCUSSION:**

Pursuant to Rule 2 of the Federal Rules of Civil Procedure, "[t]here is one form of action–the civil action." An individual commences a civil action "by filing a complaint with the court." Fed. R. Civ. P. 3. A pleading that requests relief must also contain, inter alia, a statement setting forth the basis for the court's jurisdiction. See Fed. R. Civ. P. 8(a)(1). If it is the determination of the court that it does not have subject-matter jurisdiction, it is required that the court dismiss the action. See Fed. R. Civ. P. 12(h)(3).

Assuming that Ms. Sawicki had filed a complaint properly setting forth claims under the Fourth Amendment and the ADA, this Court would have so-called federal question jurisdiction. See 28 U.S.C. § 1331 (stating that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). We could also exercise so-called supplemental jurisdiction over state law claims raised by Ms. Sawicki, such as a claim based on the contract laws of the Commonwealth of Pennsylvania. See 28 U.S.C. § 1367 (stating that, with certain exceptions, "in any civil action of

2

which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

However, in the present matter, Ms. Sawicki has not filed a complaint; instead, she has simply filed a document entitled "Motion for Order to Produce Documents." (Rec. Doc. No. 1). Ms. Sawicki has failed to properly initiate an action, as she has not filed a complaint in this Court.[1] However, even if we were to construe Ms. Sawicki's motion as being her complaint, at the very least Ms. Sawicki has not set forth the basis for this Court's jurisdiction in the present matter pursuant to Fed. R. Civ. P. 8(a)(1). As such, we conclude that, at the present time, we lack subject-matter jurisdiction over the action and that the motion must be denied. The present action will therefore be dismissed.

We would also note that, should Ms. Sawicky properly initiate an action

---

[1] The ADA prohibits employers from discriminating on the basis of disability. See 42 U.S.C. § 12111 et. seq. The enforcement scheme and procedures of Title VII of the Civil Rights Act of 1964 are utilized within the ADA. See 42 U.S.C. §§ 2000e-4, - 2000e-9; see also 42 U.S.C. § 12117(a). As Pennsylvania is a deferral state, a claimant who wishes to bring a civil suit under Title VII must first file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged discriminatory act. See 42 U.S.C. § 2000e-5(e); see also Colgan v. Fisher Scientific Co., 935 F.2d 1407, 1413-15 (3d Cir. 1991).

with this Court, she would then be entitled to conduct discovery. As part of the discovery process, Ms. Sawicky would be able to seek discovery concerning "any non-privileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Items are discoverable even if they would not be admissible at trial, so long as "the discovery appears reasonably calculated to lead to the discovery of admissible evidence." <u>Id.</u> Today, we make no decision as to the merits of Ms. Sawicki's motion seeking an order to require the production of documents. Instead, we simply conclude that such a motion is premature when, as in the present matter, a complaint has yet to be filed with this Court.

**CONCLUSION:**

In light of the foregoing, we will deny, without prejudice, Ms. Sawicki's "Motion for Order to Produce Documents." (Rec. Doc. No. 1). As such, we will dismiss the present matter. Ms. Sawicki is free to file a complaint with this Court at a later time consistent with the Federal Rules of Civil Procedure and federal law.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT

| | |
|---|---|
| MARIANNE SAWICKI, | : |
| | :    Civil Action No. 4:10-MC-00032 |
| Plaintiff, | : |
| | : |
| v. | : |
| | :    (Judge McClure) |
| THE PENNSYLVANIA STATE UNIVERSITY AND THE CENTRE COUNTY OFFICE OF MENTAL HEALTH/MENTAL RETARDATION-DRUG AND ALCOHOL, | : |
| Defendants. | : |

**O R D E R**

January 28, 2010

In accordance with the accompanying Memorandum, **IT IS HEREBY**

**ORDERED THAT:**

    1.  Ms. Sawicki's "Motion for Order to Produce Documents" is **DENIED,** without prejudice, for lack of subject matter jurisdiction. (Rec. Doc. No. 1).

    2.  The clerk is directed to close the file.

                                                          s/ James F. McClure, Jr.
                                                          James F. McClure, Jr.
                                                          United States District Judge